UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NUMBER: 15-11712 |
| NACHELL MAXWELL-VALLERY | CHAPTER 13 |
| DEBTOR | SECTION "B" |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

Credit Acceptance Corp. ("Credit Acceptance"), a creditor holding a secured claim, represents that:

1. This Court has jurisdiction over this proceeding and all parties hereto pursuant to 28 U.S.C., Sections 157 and 1334.

2. On July 9, 2015, Nachell Maxwell-Vallery (the "Debtor") filed with this Court a voluntary petition under Chapter 13 of the Bankruptcy Code.

3. Credit Acceptance is the holder of a Retail Installment Contract ("Contract") executed by Debtor and non-filing Co-Debtor Lyndon Vallery (hereinafter the "Debtors") on May 7, 2013, on a 2011 Chevrolet Camaro ("Vehicle"). A copy of the Contract is attached as Exhibit "A." As shown by the Vehicle Application, a copy of which is attached as Exhibit "B," the Debtors are the owners of record of the Vehicle.

4. The Debtor's Chapter 13 Plan provides for the Vehicle to be surrendered to Credit Acceptance.

5. As of July 16, 2015, the Debtors' account was $5,100.40 delinquent, as shown by the payment history attached as Exhibit "C."

6. As of July 16, 2015, the Debtors owed Credit Acceptance $21,222.42.

7. The approximate current fair market value of the Vehicle is $18,987.50, which is the average retail and wholesale N.A.D.A. values attached as Exhibit "D."

8. The Debtors have no equity in the Vehicle and, therefore, are unable to protect against depreciation.

9. The Debtors have failed to provide proof of insurance on the Vehicle.

10. Pursuant to 11 U.S.C. §362(d)(1), the Debtors' failure to provide insurance on the Vehicle and failure to abide by the terms of the Chapter 13 plan are cause for the granting of relief from the stay and co-debtor stay.

WHEREFORE, Credit Acceptance Corp. ("Credit Acceptance") prays that the Court enter an order granting relief described as follows:

1. Termination of the automatic stay and co-debtor stay as to allow Credit Acceptance to foreclose on its interest in the above described property by executory process or by ordinary process, to have the property seized and sold pursuant to state law, to receive the proceeds of the sale up to the full amount of the debt or to bid up to the full amount of the debt at the sale;

2. Authorization for the Debtors to surrender voluntarily the above described property to Credit Acceptance;

3. That any order remain in effect regardless of conversion to another Chapter; and/or

4. For such other and further relief to which Credit Acceptance may be entitled.

**THE SUNDMAKER FIRM, L.L.C.**

*/s/ Gregory J. Walsh*
GREGORY J. WALSH (#25921)
EARL F. SUNDMAKER, III (#24226)
ARTHUR S. MANN, II (#9094)
1027 Ninth Street
New Orleans, LA 70115
Telephone: (504) 568-0517
Fax: (504) 568-0519
greg@sundmakerfirm.com
**Attorneys for Credit Acceptance Corp.**

# RETAIL INSTALLMENT CONTRACT

ACCOUNT # ███████                                            LOT # A1J

| Buyer Name and Address | Co-Buyer Name and Address | Creditor-Seller Name and Address |
|---|---|---|
| NACHELL MAXWELL-VALLERY<br>2350 PARK PLACE DRIVE<br>Apt. # 110<br>HARVEY, LA 70058 | LYNDON VALLERY<br>2350 PARK PLACE DRIVE<br>Apt. #110<br>HARVEY, LA 70058 | N O WHOLESALE LLC<br>301 DAVID DRIVE<br>METAIRIE, LA 70003 |

"You" and "Your" mean each Buyer above, jointly, severally, and in solido. "Our", "Us", and "We" mean the Seller and after assignment of this contract, Seller's assignee. You may buy the Vehicle described below for cash or credit. The cash price is shown below as the "Cash Price". The credit price is shown below as "Total Sale Price". You have agreed to buy the Vehicle from Us on credit for the Total Sale Price. You acknowledge delivery and acceptance of the Vehicle in good condition and repair. You promise to pay Us all amounts due under this Retail Installment Contract ("Contract"), including the Total Sale Price, in accordance with the payment schedule shown in the Truth In Lending Disclosures below. You also agree to the terms and conditions below (including the Truth In Lending Disclosures) and on the additional pages of this Contract. You understand and agree that Seller may participate in and receive a portion of the Finance Charge. The Annual Percentage Rate may be negotiable with Us.

|  | Year and Make | Model and Body Style | Color | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|
| Used | 2011 Chevrolet | Camaro 2D Convertible | white | 2G1FC3DD9B9209366 | 35,362 |

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost You. | Amount Financed<br>The amount of credit provided to You or on Your behalf. | Total of Payments<br>The amount You will have paid after You have made all payments as scheduled | Total Sale Price<br>The total cost of Your purchase on credit, including Your down payment of $4,800.00 is |
|---|---|---|---|---|
| 15.99% | $11,317.89 | $24,671.31 | $35,989.20 | $40,789.20 |

Payment Schedule: Your payment schedule will be.

| No of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $599.82 | June 07, 2013 and same date of each following month. |

**Security:** You are giving a security interest in the goods or Vehicle being purchased.
**Late Charge:** If any part of a payment is more than 10 days late, You will be charged $10 or 5% of amount of the installment in default, whichever is greater.
**Prepayment:** If You pay off early, You may be entitled to a refund of part of the Finance Charge.
**Additional Information:** Please read this Contract for any additional information about nonpayment, default and any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGES CAUSED TO OTHERS IS NOT INCLUDED.**

All motorists are required to be covered by an automobile liability policy with legally prescribed liability limits, which is not included in the insurance listed herein, if any. Failure to obtain liability insurance in legally prescribed amounts may result in penalties, including suspension or revocation of driving privileges.

**PROPERTY INSURANCE:** You must insure the Vehicle securing this Contract. YOU MAY PURCHASE OR PROVIDE THE INSURANCE THROUGH ANYONE YOU CHOOSE WHO IS REASONABLY ACCEPTABLE TO US. The collision coverage deductible may not exceed $500.

**NOTICE:** ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

USED CAR BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.
Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.
ARBITRATION NOTICE: PLEASE SEE PAGE 4 OF THIS CONTRACT FOR INFORMATION REGARDING THE AGREEMENT TO ARBITRATE CONTAINED IN THIS CONTRACT.
ADDITIONAL TERMS AND CONDITIONS: THE ADDITIONAL TERMS AND CONDITIONS, INCLUDING THE AGREEMENT TO ARBITRATE SET FORTH ON THE ADDITIONAL PAGES OF THIS CONTRACT ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.

LOUISIANA CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

PAG Original

Buyer's Initials _nmv_
Buyer's Initials _LV_


"A"

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including accessories and improvements to the Vehicle) .................... $ 25,375.00 (1)
2. Sales Tax ........................................................................................................... $ 2,307.81 (2)
3. Down Payment Calculation:    Cash Down Payment ................................ $ 4,800.00 (A)
   Trade-In Description:    Gross Trade-In ......... $ _____N/A_ (B)
   Make: N/A
   Model: N/A                         Payoff Made by Seller   $ _____N/A_ (C)
   Net Trade-In (If negative number, insert "0" in line 3(D) and itemize difference in 5(H) below) (B-C) ......... $ 0.00 (D)
   Total Down Payment ............................................... (A + D) $ 4,800.00 (3)
4. Unpaid Balance of Cash Price (1 + 2 minus 3) ........................................................ $ 23,882.81 (4)
5. Other Charges Including Amounts Paid to Others on Your Behalf:
   *(NOTICE: A portion of these charges may be paid to or retained by Us.)
   A. Cost of Required Property Insurance Paid to Insurance Company* ............ $ _____N/A_ (A)
   B. Cost of Optional Extended Warranty or Service Contract Paid to the Company named below* ... $ _____N/A_ (B)
   C. Cost of Fees Paid to Public Officials for Perfecting or Filing a Security Interest .......... $ 10.00 (C)
   D. Cost of Fees Paid to Public Officials for Certificate of Title, License and Registration .... $ 46.50 (D)
   E. Documentation Fee Paid to Seller ............................................................. $ 100.00 (E)
   F. Convenience Fee Paid to NO Wholesale LLC _____ $ 18.00 (F)
   G. Notary Fee Paid to NO Wholesale LLC _____ $ 15.00 (G)
   Other Charges (Seller must identify who will receive payment and describe purpose)*
   H. to N/A _____ for lien or lease payoff ........... $ _____N/A_ (H)
   I. to Western Diversified Services, Inc. for Optional GAP Protection .................... $ 599.00 (I)
   J. to N/A _____ for N/A _____ $ _____N/A_ (J)
   K. to N/A _____ for N/A _____ $ _____N/A_ (K)
   L. to N/A _____ for N/A _____ $ _____N/A_ (L)
   Total of Other Charges and Amounts Paid to Others on Your Behalf ................... $ 788.50 (5)
6. Amount Financed - Unpaid Balance (4 + 5) .............................................................. $ 24,671.31 (6)

**OPTIONAL EXTENDED WARRANTY OR SERVICE CONTRACT:** Although You are not required to purchase an optional extended warranty or service contract as a condition of purchasing this Vehicle on credit, by signing below You are indicating that You voluntarily elect to buy an optional extended warranty or service contract covering the repair of certain major mechanical breakdowns of the Vehicle and related expenses. Refer to the optional extended warranty or service contract for details about coverage and duration.

Price $ N/A    Term: N/A    Company: N/A

Buyer's Signature _____  Date _____    Buyer's Signature _____  Date _____

**GAP PROTECTION:** Optional Guaranteed Auto Protection (GAP) is not required to obtain credit. GAP protection will not be provided under this Contract unless You sign for it below and agree to pay the additional cost shown below and on Line 5I of the ITEMIZATION OF AMOUNT FINANCED. You may obtain optional GAP protection from a person of Your choice that is authorized to sell such coverage and is acceptable to Us. The GAP contract issued by the provider of the protection will describe the terms and conditions of coverage in further detail. If You want GAP protection, sign below

Cost $ 599.00    Term: 60 Mos.    Provider: Western Diversified Services, Inc.

Buyer's Signature _Nochell Macell-vas_  Date 05/07/2013    Buyer's Signature _Lyndon Valley_  Date 05/07/2013

**Notice to the Buyer.** 1. Do not sign this Contract before You read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the Contract You sign. 3. Keep it to protect Your legal rights. The Seller may assign this Contract and participate in the Finance Charge associated with the sale.

You agree to the terms of this Contract and acknowledge that You have received a copy of this Contract with all blanks filled in and that You have read it and understand it.

Buyer's Signature: x _Nochell Macell-vas_    Buyer's Signature: x _Lyndon Valley_
Seller: N O WHOLESALE LLC _____ By _____ Title: _Manager_
This Contract is signed by the Seller and Buyer(s) hereto this _7th_ day of _May_, 2013
**NOTICE OF ASSIGNMENT:** The Seller has assigned this Contract to Credit Acceptance Corporation in accordance with the terms and conditions set forth below on this Contract. This assignment is without recourse. You must make all future payments to: CREDIT ACCEPTANCE CORPORATION, 25505 WEST TWELVE MILE ROAD-SUITE 3000, SOUTHFIELD, MICHIGAN 48034-8339, 1-(800)-634-1506.
Seller: N O WHOLESALE LLC _____ By _____ Title: _Manager_

LOUISIANA CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.                    PAGE 2 of 6

## ADDITIONAL TERMS AND CONDITIONS

Security Interest. You give Us a security interest in: 1) The Vehicle and all parts or goods installed in it; 2). All money or goods received (proceeds) for the Vehicle, 3). All insurance, maintenance, service or other contracts We finance for You; and 4). All proceeds from insurance, maintenance, service or other contracts We finance for You (this includes any refunds of premiums). Our security interest secures payment of all You owe on this Contract and in any transfer, renewal, extension or assignment of this Contract. Our security interest also secures Your other agreements in this Contract. You agree to have the certificate of title show Our security interest (lien) in the Vehicle.

Late Charge. You promise to make all payments when due. If You fail to make a payment when it is due, You agree to pay Us a late charge as stated on page 1 of this Contract. You agree that We do not waive any of our rights by accepting one or more late payments from You.

Bad Check Charge. You agree to pay Us a bad check charge equal to 5% of the amount of the check or like instrument not to exceed $15 (or such other amount permitted by applicable law) for any check or like instrument given by You to Us that is returned by Your bank because of insufficient funds

Ownership and Risk of Loss. You promise to pay Us all You owe under this Contract even if the Vehicle is damaged, destroyed or missing.

Your Other Promises to Us. You promise that:
- You will not remove the Vehicle from the United States or Canada.
- You will not sell, rent, lease or otherwise transfer any interest in the Vehicle or this Contract without our written permission
- You will not expose the Vehicle to misuse or confiscation.
- You will not permit any other lien or security interest to be placed on the Vehicle.
- You will preserve and protect the Vehicle and keep it in good condition and repair.
- You will not use the Vehicle in a trade or business without Our written consent
- You will not use the Vehicle unlawfully or abandon it. If a governmental agency impounds the Vehicle, You will notify Us immediately and regain possession of the Vehicle We may regain possession of the Vehicle and treat it as a default
- You will pay all taxes, assessments, rentals, charges, and other fees imposed on the Vehicle when they are due. If We pay any repair bills, storage bills, taxes, fines, fees, or other charges or liens on the Vehicle, You agree to repay the amount to Us
- You will permit Us to inspect the Vehicle at any reasonable time.
- You will promptly sign, or cause others to sign, and give Us any documents We reasonably request to perfect Our security interest.
- You have not made and will not make an untrue, misleading or incomplete statement in a credit application, this Contract or any information provided in connection with this Contract.
- You will promptly provide Us with any additional personal or financial information concerning You or any information about the Vehicle that We may reasonably request from time to time.
- You will immediately notify Us if You change Your name or address.

Prepayment. You have the right to prepay Your account balance in full or in part at any time. You may be entitled to a refund credit of part of the pre-computed finance charge. This credit will be calculated in accordance with the actuarial method We will retain a $25 prepayment charge before making this calculation, unless more than one-half of the term of this Contract has elapsed. We will apply the credit to the amount You owe Us or if You paid Us more than the amount owed to Us under this Contract, We will refund it to You. We will not credit or refund amounts less than $1.00.

If You prepay only a portion of the balance remaining under this Contract, We will apply the prepayment to Your account balance, however a prepayment will not excuse any later scheduled payments. You must still make all scheduled payments on time until Your obligation under this Contract is paid in full. If You make a partial prepayment Your last payment or payments may be less than the scheduled amount due.

Required Insurance. You agree to buy property insurance on the Vehicle protecting against loss and physical damage subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section on page 1 of this Contract, or as We otherwise require. You will name Us as loss payee on any such policy. In the event of loss or damage to the Vehicle, We may require additional security or assurance of payment before We allow insurance proceeds to be used to repair or replace the Vehicle. You agree that if the insurance proceeds do not cover the amounts You still owe Us, You will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to Us. You will keep the insurance in full force and effect until this Contract is paid in full.

Subject to Your right to cure, We may obtain insurance to protect Our interest and Your interest in the Vehicle or just Our interest in the Vehicle if You fail to: (1) obtain or maintain the insurance; (2) provide Us with timely notice of Your purchase or renewal of the insurance; or (3) name Us as loss payee on the insurance We are under no obligation to buy any insurance, but may do so if We desire. This insurance may include coverages not required of You. This insurance may be written at a rate higher than a rate You could obtain if You purchased the property insurance required by this Contract. The amount You must pay will be the premium for the insurance and a finance charge at the Annual Percentage Rate shown on page 1 of this Contract. You agree to pay the amount and finance charge in equal installments along with the payments shown on the Payment Schedule

If the Vehicle is lost or damaged, You agree that We can use any insurance settlement either to repair the Vehicle or apply to Your account balance If applied to Your account balance, the insurance settlement proceeds that do not pay Your obligation in full under this Contract will be applied as a partial payment

Optional Insurance, Maintenance, Service or Other Contracts. This Contract may contain charges for optional insurance, maintenance, service, warranty or other contracts If the Vehicle is repossessed, You agree that We may claim benefits under these contracts and terminate them to obtain refunds of unearned charges to reduce what You owe or repair the Vehicle If the Vehicle is a total loss because it is confiscated, damaged or stolen, We may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what You owe

Insurance, Maintenance, Service or Other Contract Charges Returned to Us. If any charge for required insurance is returned to Us, it may be credited to Your account in accordance with the Prepayment section of this Contract or used to buy similar insurance which covers only our interest in the Vehicle Any refund on optional insurance, maintenance, service, warranty or other contracts obtained by Us will be credited to Your account in accordance with the Prepayment section of this Contract

Default and Acceleration of the Contract. You will be in default if.
- You fail to pay any amount due under this Contract when it is due.
- You break any of Your other promises You made in this Contract.
- A proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property.

If You are in default of this Contract, We may declare the entire unpaid balance of this Contract due and payable immediately at any time without notice to You, unless We are required by law to provide You with such notice, and subject to any right You may have to reinstate the Contract. In figuring what You owe, We will give You a refund of part of the Finance Charge figured the same as if You had prepaid Your obligation under this Contract in full.

Starter Interruption Device and GPS. You understand and agree that if You are in default, We may use any starter interruption device and/or global positioning system (collectively, the Device) installed on the Vehicle to prevent the Vehicle from starting and/or to locate the Vehicle when permissible law and the terms of this Contract allow Us to repossess the Vehicle You agree that if the Vehicle is disabled, You will need to cure Your default in order to restart the Vehicle You acknowledge that You have been provided with a toll free telephone number that You may call, no more than once per month, if the Vehicle is disabled but You need an emergency activation which will allow the Vehicle to operate for 24 hours. Refer to the terms and conditions of the Buyer's Disclosure for additional information on the Device

Buyer's Initials _ZMV_
Buyer's Initials _LU_

LOUISIANA CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.                    PAGE 3 of 6

## ADDITIONAL TERMS AND CONDITIONS

Collection Costs. If You default, You agree to pay all the out-of-pocket collection costs and expenses We incur to collect this debt and realize on any security. You also agree to pay such additional collection costs and expenses that may be authorized by law, including Our reasonable collection/enforcement attorney fees in an amount not to exceed 25% of the total amount payable under this Contract.

Conversion. If two or more of installment payments or parts thereof are in default for ten days or more, upon written notice to You, We may elect to convert this pre-computed transaction into a simple interest transaction.

Remedies. If You are in default of this Contract, We have, subject to any right to cure that You may exercise, all of the remedies provided by law and this Contract:
- We may require You to immediately pay Us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Vehicle if You have not done so. We are not required to do so. Any amount We pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the INTEREST AFTER MATURITY section until paid in full.
- We may sell the Vehicle, as provided by law, if the Vehicle is in our possession or if You voluntarily deliver or surrender the Vehicle to Us.
- We may, if allowed by law, use Louisiana's ordinary or executory process foreclosure procedures, without the necessity of demanding payment from You or notifying You or placing You in default, cause the Vehicle to be immediately seized and sold
- We may, if allowed by law, keep the Vehicle to satisfy Your obligations under this Contract.
- We may, if allowed by law, sue You for additional amounts if the proceeds of a sale do not pay all of the amounts You owe Us

By choosing any one or more of these remedies, We do not waive Our right to later use another remedy. By deciding not to use any remedy, We do not give up Our right to consider the event a default if it happens again

You agree that if any notice is required to be given to You of an intended sale or transfer of the Vehicle, notice is reasonable if mailed to Your last known address, as reflected in our records, in a reasonable period before the date of the intended sale or transfer (or such other period of time as is required by law)

Additional Default Remedies. If You fail to pay two or more consecutive payments on the due date, We may, if allowed by law, have the right to obtain possession and dispose of the Vehicle in accordance with the provisions of the Additional Default Remedies Act and Uniform Commercial Code. Louisiana law permits repossession of motor vehicles without judicial process.

Confession/Waiver/Keeper. You acknowledge to be indebted and confess judgment in favor of Us for the full amount of this Contract for purposes of Louisiana's executory process procedures You agree to waive, to the extent permitted by applicable law:
- The benefit of appraisal as provided under Articles 2332, 2336, 2723 and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale;
- The notice of seizure provided under Article 2293 of the Louisiana Code of Civil Procedure;
- The 3 days delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure;
- All other provisions provided under Articles 2331, 2721, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above

You agree that, in the event the Vehicle is seized as an incident to an action to enforce this Contract, We may serve as keeper, or appoint a keeper of the Vehicle at the time the seizure is effected. Any personal items found in the Vehicle will be sold along with the Vehicle

Delay in Enforcing Rights and Changes of this Contract. We can delay or refrain from enforcing any of Our rights under this Contract without losing them. For example, We can extend the time for making some payments without extending others. Any change in the terms of this Contract must be in writing and signed by Us No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

> WARRANTIES SELLER DISCLAIMS. YOU UNDERSTAND THAT THE SELLER IS NOT OFFERING ANY WARRANTIES AND THAT THERE ARE NO IMPLIED WARRANTIES OF MERCHANTABILITY, OF FITNESS FOR A PARTICULAR PURPOSE, OR ANY OTHER WARRANTIES, EXPRESS OR IMPLIED BY THE SELLER, COVERING THE VEHICLE UNLESS THE SELLER EXTENDS A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT. THIS PROVISION DOES NOT AFFECT ANY WARRANTIES COVERING THE VEHICLE THAT MAY BE PROVIDED BY THE VEHICLE MANUFACTURER.

Interest After Maturity. You further agree to pay interest at the Annual Percentage Rate stated on page 1 of this Contract if permitted by law or the highest rate permitted by applicable law, on any amounts that remain unpaid after maturity of this Contract. For the purposes of this provision, maturity means the earlier of the date Your final payment is due or the date We accelerate the Contract.

Judgment Rate. Interest on any judgment awarded on this Contract will be at the highest rate permitted by applicable law.

Waiver. To the extent permitted by applicable law, You agree to give up Your rights to require Us to do certain things. We are not required to: (1) demand payments of amounts due, (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that We intend to make, or are making, this Contract immediately due.

Governing Law. The terms of this Contract are governed under the laws of the State of Louisiana except to the extent preempted by applicable federal law. Specifically, this Contract is subject to the Louisiana Motor Vehicle Sales Finance Act if the Vehicle is to be used primarily for personal, family or household (consumer) purposes, and to La. R S §9:3509 if the Vehicle is to be used primarily for business, commercial, or agricultural purposes.

Credit Sale Conditioned on Seller's Obtaining Credit Acceptance Corporation's Agreement to Accept Assignment. The following provisions apply to the extent that Your credit sale of the Vehicle is conditioned upon Seller obtaining Credit Acceptance Corporation's ("Credit Acceptance") agreement to accept assignment of this Contract: 1) Your credit purchase of the Vehicle and this Contract shall be null and void and without effect should Credit Acceptance not agree to accept assignment of this Contract within twenty-five (25) days of the date that You accept delivery of the Vehicle. This provision does not apply should Credit Acceptance accept the assignment of this Contract after twenty-five (25) days. 2) Seller is prohibited from selling Your trade-in vehicle until the conditional sale is complete. 3) If Credit Acceptance does not agree to accept assignment of this Contract, Seller will immediately return to You all amounts that You have paid Seller with respect to Your credit purchase, and You will not be charged anything. However, You remain responsible for any damages to the Vehicle while in Your custody, to the extent provided by law. 4) You understand and unconditionally agree to return the Vehicle to Seller within forty-eight (48) hours of notification that the conditional sale will not be completed.

## ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby assigns and transfers all Seller's right, title and interest in and to this Contract, and in and to the Vehicle described herein, to CREDIT ACCEPTANCE CORPORATION ("Assignee"), its successors and assigns, pursuant to and in accordance with the terms and conditions set forth in the existing dealer agreement between Seller and Assignee in effect on the date hereof. Seller gives Assignee full power, either in Assignee's name or in Seller's name, to take all actions which Seller could have taken under this Contract. In order to induce Assignee to accept assignment of this Contract, Seller represents and warrants to Assignee as set forth in the existing dealer agreement.

## AGREEMENT TO ARBITRATE

This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. In this Arbitration Clause, "We" and "Us" mean Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation) or their employees, assignees, or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and Us. "You" and "Your" means each Buyer named above.

Your Right to Reject: If You don't want this Arbitration Clause to apply, You may reject it by mailing Us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice that describes the Contract and tells Us that You are rejecting this Arbitration Clause. A rejection notice is only effective if it is signed by all buyers, co-buyers and cosigners and the envelope that the rejection notice is sent in has a post mark of 30 days or less after the date of this Contract. If You reject this Arbitration Clause, that will not affect any other provision of this Contract or the status of Your Contract. If You don't reject this Arbitration Clause, it will be effective as of the date of this Contract.

A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories. Notwithstanding the foregoing, "Dispute" does not include any individual action brought by You in small claims court or Your state's equivalent court, unless such action is transferred, removed or appealed to a different court. "Dispute" does not include any repossession of the Vehicle upon Your default and any exercise of the power of sale of the Vehicle under this Contract or any individual action by You to prevent Us from using any such remedy, so long as such individual action does not involve a request for monetary relief of any kind. In addition, "dispute" does not include disputes about the validity, enforceability, coverage or scope of this Arbitration Clause or any part thereof (including, without limitation, the Class Action Waiver described in the sixth paragraph of this Arbitration Clause, the last sentence of the seventh paragraph of this Arbitration Clause and/or this sentence); all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of the Contract as a whole is for the arbitrator, not a court, to decide.

If a Dispute arises, the complaining party shall give the other party a written Dispute Notice and a reasonable opportunity, not less than 30 days, to resolve the Dispute. Any Dispute Notice to You will be sent in writing to the address on this Contract (or any updated address You subsequently provide to Us). Any Dispute Notice to Us must be sent by mail to: Credit Acceptance, Attn: Corporate Legal, 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339 (or any updated address We subsequently provide to You). Any Dispute Notice You send must give Your Account Number, telephone number and address. Any Dispute Notice must explain the nature of the Dispute and the relief that is demanded. The complaining party must reasonably cooperate in providing any information about the Dispute that the other party reasonably requests.

Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction. All statutes of limitation that otherwise would apply to an action brought in court will apply in arbitration. The arbitrator is authorized to award all remedies permitted by the substantive law that would apply if the action were pending in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts) and attorneys' fees and costs.

If You or We elect to arbitrate a Dispute, neither You nor We will have the right to pursue that Dispute in court or have a jury resolve that dispute. In addition, if You or We elect to arbitrate a Dispute, (a) neither You nor We may participate in a class action in court or in a class-wide arbitration, either as a plaintiff, defendant or class member, (b) neither You nor We may act as a private attorney general in court or in arbitration, (c) Disputes brought by or against You may not be joined or consolidated with Disputes brought by or against any other person; and (d) the arbitrator shall have no power or authority to conduct a class-wide arbitration, private attorney general arbitration or joined or consolidated arbitration (this sentence including subparts a through d hereof is referred to in this Arbitration Clause as the "Class Action Waiver"). In the event there is an agreement to arbitrate claims or disputes that conflicts with this Arbitration Clause, whether such agreement is executed before, at the same time, or after this Arbitration Clause, the terms of this Arbitration Clause shall control any and all Disputes between You and Us.

Notwithstanding the foregoing, We retain the right to repossess the Vehicle upon Your default and to exercise any power of sale under this Contract. If any provision of this Arbitration Clause other than the Class Action Waiver is invalid or unenforceable under the Federal Arbitration Act or any other applicable law, the invalid or unenforceable provision shall be inapplicable and deemed omitted, but shall not invalidate the rest of this Arbitration Clause, and shall not diminish the parties' obligation to arbitrate Disputes subject to this Arbitration Clause. In the event that the Class Action Waiver is determined to be invalid or unenforceable, then, subject to the right to appeal such a ruling, this entire Arbitration Clause (except for this sentence) shall be null and void.

Buyer's Initials NMV
Buyer's Initials LV

LOUISIANA CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

PAGE 5 of 6

Whoever first elects arbitration may choose to arbitrate under the rules and procedures of either JAMS or the American Arbitration Association; however in the event of a conflict between these rules and procedures and the provisions of this Arbitration Clause, You and We agree that this Arbitration Clause governs for that specific conflict. You may obtain the rules and procedures, information on fees and costs (including waiver of the fees), and other materials, and may file a claim by contacting the organization of Your choice. The addresses and websites of the organizations are: JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com; and American Arbitration Association, 335 Madison Avenue, Floor 10, New York, New York 10017-4605, www.adr.org. If neither JAMS nor the American Arbitration Association is able or willing to serve, and You and We can't otherwise agree on a substitute administrator or arbitrator, then a court with appropriate jurisdiction shall appoint an arbitrator. We will consider any good faith request You make to Us to pay the administrator's or arbitrator's filing, administrative, hearing and/or other fees if You cannot obtain a waiver of such fees from the administrator and We will not seek or accept reimbursement of any such fees. We will bear the expense of our attorneys, experts and witnesses, except where applicable law and this Contract allow Us to recover attorneys' fees and/or court costs in a collection action We bring. You will bear the expense of Your attorneys, experts and witnesses if We prevail in an arbitration  However, in an arbitration You commence, We will pay Your fees if You prevail or if We must bear such fees in order for this Arbitration Clause to be enforced  Also, We will bear any fees if applicable law requires Us to. The arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve the Dispute based on the papers submitted by You or Us and/or through a telephonic hearing  However, any arbitration hearing that You attend will take place at a location that is reasonably convenient to You. Notice of the time, date and location shall be provided to You and Us under the rules and procedures of the arbitration organization selected.

The arbitrator's decision is final and binding, except for any right of appeal provided by the Federal Arbitration Act, 9 U.S.C. §§ 1 et. Seq. ("FAA")  However, if the amount of the Dispute exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either party exceeding $50,000, any party can appeal the award to a three-arbitrator panel administered by the Administrator, which panel shall reconsider any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote  Reference in this Arbitration Clause to "the arbitrator" shall mean the panel of arbitrators if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the section of this Arbitration Clause that describes who will bear the costs for the initial proceeding before a single arbitrator.

It is expressly agreed that this Contract evidences a transaction in interstate commerce. This Arbitration Clause is governed by the FAA and not by any state arbitration law.

LOUISIANA CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

PAGE 6 of 6

Buyer's Initials _NMV_
Buyer's Initials _LV_

**Louisiana Department of Public Safety and Corrections**
**Office of Motor Vehicles**
P.O. Box 64886, Baton Rouge, LA 70896-4886

**VEHICLE APPLICATION**

TO AVOID REJECTION: Complete all required information

| Field | Value |
|---|---|
| Date Prepared | 5/07/13 |
| Type of Plate | |
| Dealer Code | dealer number |
| VIN | 2G1FC3DD9B9209366 |
| Make | CHEVROLET |
| Body | 2DR |
| Color | WHITE |
| Year | 2011 |
| Mileage | 35362 |
| Model | CAMARO |
| Name of Owner | Nachell Maxwell-Vallery |
| Name of Joint Owner | Lyndon Vallery |
| Owner's Address | 2350 Park Place Drive |
| City | HARVEY |
| Parish | JEFFERSON |
| State/Zip | LA 70058 |

**VEHICLE IS SUBJECT TO SECURITY AGREEMENT AS FOLLOWS:**

ELECTRONIC LIEN TRANSFER CODE: **ESCJ**

First Lienholder's Name: Credit Acceptance Corporation
Street: 25505 West Twelve Mile Road
City/State/Zip: Southfield, MI 48034

| Field | Value |
|---|---|
| Date Acquired | 5/07/13 |
| Used | ☒ |
| Cost of Vehicle | 26,410.00 |
| Less Trade | N/A |
| Title Fee | 26.50 |
| Handling Fee | 18.00 |
| Tax Value | 26,410.00 |
| Mortgage Fee | 10.00 |
| Tax | 2,310.88 |
| License Fee | 100.00 |

**DUPLICATE TITLE AFFIDAVIT** (Must be signed by owner and notarized.)

The certificate of title issued to me was ☐ lost ☐ mutilated ☐ never received

I make application for a duplicate copy of said certificate and agree to hold the Commissioner harmless if the previous title is obtained by another person

☐ I give the Commissioner permission to mail the title to the address on this application.

**BE SURE TO SIGN AND DATE**

I do swear or affirm that the information contained in this document is true and correct to the best of my knowledge

I have and will maintain, during this registration period, vehicle liability insurance (security) required by LRS Title 32 861-865. Failure to maintain as agreed will be a violation of law which may result in criminal prosecution and/or suspension of registration privileges

If the vehicle being registered is defined as a commercial motor vehicle by the Federal Motor Carrier Safety Regulations and/or Federal Hazardous Material Regulations, by signature below registrant declares knowledge of those federal regulations

Applicant's Signature: *Nachell Maxwell-Vy* 5/07/13
Co-Applicant's Signature: *Lyndon Valley* 5/07/13

**PROOF OF LIABILITY INSURANCE MUST BE FURNISHED AS PROVIDED FOR BY LAW BEFORE THIS FILE CAN BE PROCESSED.**

TO AVOID PENALTY AND INTEREST:
File must be submitted within 40 days from the date of purchase. For manufactured houses (mobile homes), file must be submitted by the 20th of the month following the month of delivery.

*Tax Penalty: 5% of sales tax due for 30 days or fraction thereof (not to exceed 25%)
*Interest 1.25% of sales tax due for 30 days or fraction thereof (no maximum)

**AFFIDAVIT OF NON-POSSESSION OF TITLE BY LIENHOLDER**
Must be signed by lienholder and notarized.

I hereby swear or affirm that title of above described vehicle showing lien in our favor was ☐ never received ☐ received and surrendered to the owner.

Sworn and subscribed before me this _____ day of _____

RECEIVED/REJECTION DATE(S)

"B"



Date: 07/15/15
Page: 1 of 1

# Transaction Report (Collectible transactions)

Account #:
Customer: MAXWELL-VALLERY, NACHELL
Address: 284 SOUTHWOOD DRIVE
City: GRETNA
State: LA  Zip: 70056

| Date | Description | Sub Type | Reference | Agent | Entered By | Amount | Balance/Total |
|---|---|---|---|---|---|---|---|
| 05/13/13 | NEW CONTRACT | | | | LSS | $35,989.20 | $35,989.20 |
| 06/16/13 | DIRECT PAYMENT | WU DLR ACH RECURRIN | 13008913 | | OPERATOR | ($599.82) | $35,389.38 |
| 07/16/13 | DIRECT PAYMENT | WU DLR ACH RECURRIN | 13384885 | | OPERATOR | ($599.82) | $34,789.56 |
| 08/17/13 | DIRECT PAYMENT | WU IVR DEBIT CARD | 13803474 | | WU_PROXY | ($599.82) | $34,189.74 |
| 09/17/13 | DIRECT PAYMENT | WU IVR DEBIT CARD | 14192005 | | WU_PROXY | ($599.82) | $33,589.92 |
| 10/18/13 | DIRECT PAYMENT | WU WEB ATM | 14614240 | | WU_PROXY | ($200.00) | $33,389.92 |
| 11/01/13 | DIRECT PAYMENT | WU WEB DEBIT CARD | 14804006 | | WU_PROXY | ($400.00) | $32,989.92 |
| 11/21/13 | DIRECT PAYMENT | WU WEB DEBIT CARD | 15052949 | | WU_PROXY | ($200.00) | $32,789.92 |
| 12/02/13 | DIRECT PAYMENT | WU WEB DEBIT CARD | 15206570 | | WU_PROXY | ($400.00) | $32,389.92 |
| 12/21/13 | DIRECT PAYMENT | WU DLR ACH RECURRIN | 15464150 | | OPERATOR | ($599.82) | $31,790.10 |
| 01/03/14 | TRANSACTION CORRECTION | | | | WU_PROXY | $599.82 | $32,389.92 |
| 01/04/14 | DIRECT PAYMENT | WU WEB DEBIT CARD | 15652985 | | WU_PROXY | ($400.00) | $31,989.92 |
| 01/21/14 | DIRECT PAYMENT | WU DLR ACH RECURRIN | 15861476 | | OPERATOR | ($599.82) | $31,390.10 |
| 01/30/14 | TRANSACTION CORRECTION | | | | WU_PROXY | $599.82 | $31,989.92 |
| 02/19/14 | DIRECT PAYMENT | WU WEB DEBIT CARD | 16266538 | | WU_PROXY | ($600.00) | $31,389.92 |
| 03/21/14 | DIRECT PAYMENT | WU DLR ACH RECURRIN | 16705647 | | OPERATOR | ($599.82) | $30,790.10 |
| 03/23/14 | DIRECT PAYMENT | WU WEB DEBIT CARD | 16743870 | | WU_PROXY | ($599.82) | $30,190.28 |
| 04/01/14 | TRANSACTION CORRECTION | | | | WU_PROXY | $599.82 | $30,790.10 |
| 04/21/14 | DIRECT PAYMENT | WU DLR ACH RECURRIN | 17130977 | | OPERATOR | ($599.82) | $30,190.28 |
| 04/30/14 | TRANSACTION CORRECTION | | | | WU_PROXY | $599.82 | $30,790.10 |
| 05/21/14 | DIRECT PAYMENT | WU DLR ACH RECURRIN | 17551820 | | OPERATOR | ($599.82) | $30,190.28 |
| 05/22/14 | DIRECT PAYMENT | WU WEB DEBIT CARD | 17569891 | | WU_PROXY | ($500.00) | $29,690.28 |
| 06/02/14 | TRANSACTION CORRECTION | | | | WU_PROXY | $599.82 | $30,290.10 |
| 06/30/14 | DIRECT PAYMENT | WU WEB DEBIT CARD | 18126045 | | WU_PROXY | ($300.00) | $29,990.10 |
| 06/30/14 | DIRECT PAYMENT | WU IVR ACH | 18128652 | | WU_PROXY | ($299.82) | $29,690.28 |
| 08/03/14 | DIRECT PAYMENT | WU WEB ACH | 18620197 | | WU_PROXY | ($250.00) | $29,440.28 |
| 08/20/14 | DIRECT PAYMENT | WU WEB ACH | 18847041 | | WU_PROXY | ($250.00) | $29,190.28 |
| 09/25/14 | DIRECT PAYMENT | WU WEB ATM | 19349208 | | WU_PROXY | ($497.00) | $28,693.28 |
| 10/31/14 | DIRECT PAYMENT | WU WEB ATM | 19888465 | | WU_PROXY | ($600.00) | $28,093.28 |
| 12/04/14 | DIRECT PAYMENT | WU WEB ACH | 20400742 | | WU_PROXY | ($500.00) | $27,593.28 |
| 01/08/15 | DIRECT PAYMENT | WU WEB ATM | 20898214 | | WU_PROXY | ($299.00) | $27,294.28 |
| 02/02/15 | DIRECT PAYMENT | WU WEB ACH | 21280400 | | WU_PROXY | ($1,200.00) | $26,094.28 |
| 02/20/15 | DIRECT PAYMENT | WU WEB ACH | 21571731 | | WU_PROXY | ($600.00) | $25,494.28 |

(TRANS.REP)

# Summary With NADA Values
## NADA Used Car Guide
### Wednesday, July 15, 2015

**Guide Edition:** Southeastern Used Car Guide - July 2015
**Vehicle Description:** 2011 CHEVROLET
Camaro-V6 Convertible 2D 2LT V6

**VIN:** 2G1FC3DD9B9209366  **Weight:** N/A
**Stock #:**  **MSRP:** $32,775

| NADA | Rough Trade-In | Avg. Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| Base Values | $15,175 | $16,525 | $17,600 | $15,850 | $20,375 |
| Mileage: N/A | N/A | N/A | N/A | N/A | N/A |
| Accessories | $0 | $0 | $0 | $0 | $0 |
| NADA Adjusted Values | $15,175 | $16,525 | $17,600 | $15,850 | $20,375 |
| Appraiser Adjustment | $0 | $0 | $0 | $0 | $0 |
| Adjusted Values | $15,175 | $16,525 | $17,600 | $15,850 | $20,375 |

| Accessories: | Trade | Loan | Retail |
|---|---|---|---|
| Aluminum/Alloy Wheels | w/body | w/body | w/body |
| Boston Acoustics Stereo | w/body | w/body | w/body |

| Appraiser Item: | Value | Appraiser Item: | Value |
|---|---|---|---|

NADA assumes no responsibility or liability for any errors or omissions or
any revisions or additions made by anyone on this report.
All NADA values are reprinted with permission of NADA Used Car Guide, NADASC.